UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MEAGHAN D. | : | |
| | : | |
| v. | : | C.A. No. 22-00033-WES |
| | : | |
| KILOLO KIJAKAZI, Commissioner | : | |
| Social Security Administration | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on January 21, 2022 seeking to reverse the Decision of the Commissioner. On July 20, 2022, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 12). On August 17, 2022, Defendant filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF No. 13). A Reply was filed on September 30, 2022. (ECF No. 16).

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 12) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 13) be GRANTED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for SSI on October 11, 2019 (Tr. 181-184) and for DIB on October 21, 2019 (Tr. 187-188) alleging disability since June 1, 2015. The SSI application was denied initially on February 12, 2020 (Tr. 73-82) and on reconsideration on May 13, 2020. (Tr. 93-99). The DIB application was denied initially on January 27, 2020 (Tr. 62-71) and on reconsideration on May 13, 2020. (Tr. 84-91). Plaintiff requested an Administrative Hearing. On February 3, 2021, a hearing was held before Administrative Law Judge Jason Mastrangelo (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 33-52). The ALJ issued an unfavorable decision to Plaintiff on March 19, 2021. (Tr. 12-26). The Appeals Council denied Plaintiff's request for review on November 23, 2021. (Tr. 1-3). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff contends that the ALJ erred in finding that her mental impairments would not be "severe" if she stopped her substance abuse and was sober.

The Commissioner disputes Plaintiff's claim and argues that the ALJ properly evaluated the materiality of Plaintiff's substance abuse in denying disability benefits.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS,

955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.   Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence.  The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone.  See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers).  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors.  Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical

source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced

practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

  **B. Developing the Record**

  The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

  **C. Medical Tests and Examinations**

  The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order

a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated

findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the

Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>  (1)   The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>  (2)   Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>  (3)   Type, dosage, effectiveness, and adverse side-effects of any pain medication;

  (4)  Treatment, other than medication, for relief of pain;

  (5)  Functional restrictions; and

  (6)  The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

 **2.**  **Credibility**

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)). Guidance in evaluating the claimant's statements regarding the intensity,

persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017). It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings. SSR 16-3p, 2017 WL 4790249, at *49465.

## V.  APPLICATION AND ANALYSIS

### A.  The ALJ's Decision

The ALJ determined that Plaintiff's substance addiction disorder, ADHD, depression, anxiety, and personality disorder were "severe" impairments. (Tr. 18). He determined that, including Plaintiff's substance use, the severity of her impairments would establish disability under Listing 12.08. (Tr. 18-23). However, the ALJ ultimately denied disability benefits finding that Plaintiff's substance abuse disorder was a material contributing factor to the determination of disability because Plaintiff would not be disabled if she stopped the substance use. (Tr. 26). He also concluded that, if substance use was stopped, Plaintiff would not have any "severe" impairments. (Tr. 23-26).

### B.  Plaintiff Has Shown No Error in the ALJ's Substance Use Materiality Analysis

Plaintiff argues that the ALJ erred in finding that her drug addiction was material to the determination of disability and, more specifically, that he erred in evaluating the extent of her limitations if sober. It is undisputed that Plaintiff has a substance addiction disorder and that it is a severe impairment under the Regulations. It is also undisputed that, considering Plaintiff's

substance abuse, she meets the requirements for disability under Listing 12.08. The parties differ, however, on whether Plaintiff would still meet the disability standard if she stopped using drugs.

In 1996, Congress amended the Social Security Act to deny disability benefits if alcohol or drug abuse comprises a contributing factor material to the determination of disability. 42 U.S.C. § 423(d)(2)(C); Brown v. Apfel, 71 F. Supp. 2d 28 (D.R.I. 1999); 20 C.F.R. § 404.1535(b). If the claimant is under a disability and there is medical evidence of alcoholism or substance addiction, the ALJ must determine the impact of the addiction on the claimant's disability. See 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535(a). "The 'key factor' to be considered, in fact the only factor mentioned in the regulations, is whether the claimant would still be disabled absent the drug addiction or alcoholism." Brown, 71 F. Supp. 2d at 35; see also 20 C.F.R. § 404.1535(b)(1).

Effective on March 22, 2013, a policy interpretation was issued to clarify how the Commissioner determines whether "drug addiction and alcoholism" is a medically determinable impairment and, if either is, whether such substance abuse is material to the finding that a claimant is disabled, requiring that benefits be denied. SSR 13-2p, 2013 WL 621536 (Feb. 20, 2013). SSR 13-2p makes clear that the adjudicator must first determine whether the claimant has a medically determinable substance use disorder, rather than a mere history of occasional prior maladaptive use of alcohol or illegal drugs. Id. at *3. Next, the materiality of the disorder to the disability determination must be considered. Id. In connection with the latter inquiry, "[t]here does not have to be evidence from a period of abstinence for the claimant to meet his or her burden of proving disability." Id. at *4.

To determine materiality, the ALJ must first conduct the five-step inquiry taking into account all impairments, including drug and alcohol addiction. Brown, 71 F. Supp. 2d at 29. If the ALJ finds the claimant is not disabled, the process ends. SSR 13-2p, 2013 WL 621536, at *10;

Brueggemann v. Barnhart, 348 F.3d 689, 694 (8th Cir. 2003); Williams v. Barnhart, 338 F. Supp. 2d 849, 862 (M.D. Tenn. 2004). If the ALJ finds the claimant disabled, the analysis "must go one step further" and determine whether the claimant would still be disabled if the claimant stopped abusing drugs or alcohol. Brown, 71 F. Supp. 2d at 35. An impairment caused by past substance abuse may be considered disabling only if the impairment remains after the claimant stops substance abuse. Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir. 2000); Harmison v. Halter, 169 F. Supp. 2d 1066, 1069 (D. Minn. 2001).

The question of materiality of drug addiction or alcoholism is reserved to the Commissioner. Ambrose v. Astrue, No. 07-84-B-W, 2008 WL 648957, at *5 (D. Me. Mar. 5, 2008). The Commissioner may base the materiality finding on record evidence during periods of sobriety. Cage v. Comm'r of SSA, 692 F.3d 118, 126-127 (2nd Cir. 2012); Schell v. Astrue, Civil Action No. 10-10346-GAO, 2012 WL 745024, at *6 (D. Mass. Mar. 7, 2012); see also Vester v. Barnhart, 416 F.3d 886, 891 (8th Cir. 2005) (Commissioner may find that claimant is not disabled if Commissioner is presented with evidence that claimant has demonstrated ability to work during periods of sobriety). When the claimant never achieves sobriety, the materiality determination will necessarily be hypothetical and therefore more difficult; the claimant cannot avoid a finding of no disability simply by continuing substance abuse. See SSR 13-2p, 2013 WL 621536, at *9; Evans v. Astrue, C.A. No. 11-146 S, 2012 WL 4482354, at *2 (D.R.I. Sept. 26, 2012). On the other hand, the claimant does not have to produce evidence of a period of abstinence to sustain her burden of establishing a qualifying disability. SSR 13-2p, 2013 WL 621536, at *4.

Here, the ALJ reasonably found that the opinions of the DDS consulting psychiatrist Dr. Killenberg and psychologist Dr. Harris were consistent with the record and persuasive. (Tr. 23; Exhs. 2A, 4A, 6A, 8A). They opined that Plaintiff's impairments, including substance abuse,

caused marked limitations that met Listing 12.08 but that, absent substance abuse, these impairments would cause only mild limitations and would not be "severe." (Tr. 65-69, 86-88). The ALJ also reasonably considered treatment notes showing that Plaintiff reported no issues and was generally stable during periods of sobriety. (Tr. 19-20, 22, 25; Exhs. 1F and 2F). Further, the ALJ reasonably relied upon Plaintiff's records from her incarceration (while she was presumably sober) which generally showed no significant limitations or abnormal mental findings. (Tr. 22, 25; Exh. 11F). This evidence adequately supports the ALJ's materiality finding, and Plaintiff has shown no basis for this Court to disregard those findings.

Plaintiff's attacks on the ALJ's findings in this case stray from this solid foundation and seek reversal on a series of technical arguments, none of which rise to the level of error or harmful error. First, Plaintiff criticizes the ALJ for not citing SSR 13-2p, but it is clear from his reasoning that he was aware of and applied the Ruling. Second, Plaintiff labels the ALJ's severity findings as incongruous but shows no error. (ECF No. 12 at p. 9). The ALJ found that Plaintiff's mental impairments were "severe" during periods of substance use and non-severe during sobriety which is the analysis required by the Ruling. Third, Plaintiff faults the ALJ's review of, and reliance on, the DDS consulting opinions. Id. at p. 10. However, the ALJ adequately discusses those opinions and reasonably relies upon their conclusions. Although the ALJ takes a somewhat different path, his ultimate conclusion matches that of the consultants as to the materiality of substance use in this case. Fourth, Plaintiff criticizes the ALJ for not providing pinpoint cites to the medical records. While pinpoint citations are always more informative and preferred, the failure here is not harmful. A reasonable review of those records reveals support for the ALJ's findings, and Defendant provides more specific citations in her Memorandum. Finally, Plaintiff questions the value of relying on her prison records because they only represent her functioning while in the

"restrictive environment presented by incarceration." (ECF No. 12 at p. 12). While this argument has some facial appeal, the ALJ (and the DDS consultants) also considered extensive treatment records for periods when Plaintiff was not incarcerated. (Tr. 19-20, 25). Further, the ALJ acknowledges this distinction by finding those community treatment records to be "buttressed by the medical findings while incarcerated." (Tr. 22). This reasonably suggests that the ALJ gave somewhat more weight to the community treatment history than the prison treatment records.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 12) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 13) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 18, 2022